IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAVID B.,[1] | Case No. 6:21-cv-01596-MK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| KILOLO KIJAKAZI, Commissioner of Social Security, | |
| Defendant. | |

**KASUBHAI, U.S. Magistrate Judge.**

David B. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3),

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

which incorporates the review provisions of 42 U.S.C. § 405(g). For the reasons explained below, the Commissioner's decision is affirmed.

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray,* 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

### I.    PLAINTIFF'S APPLICATION

Plaintiff filed his applications for SSI and DIB on February 19, 2019, alleging disability due to knee pain. Tr. 182-91. Plaintiff's claims were denied initially and upon reconsideration, and he requested a hearing before an Administrative Law Judge (ALJ). Tr. 105-13, 116-18, 120-22. After an administrative hearing held January 7, 2021, the ALJ issued a written decision finding

PAGE 2 – OPINION AND ORDER

Plaintiff was not disabled. Tr. 16-32. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-6. This appeal followed.

## II.     THE SEQUENTIAL ANALYSIS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. *Id.* at 724-25. The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari,* 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.*; *Bowen v. Yuckert,* 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett,* 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante,* 262 F.3d at 954 (citations omitted).

## III.    THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine whether Plaintiff was disabled. Tr. 16-32. At step one, the ALJ determined that Plaintiff had not engaged in

PAGE 3 – OPINION AND ORDER

substantial gainful activity since his alleged onset date of May 10, 2017. Tr. 21. At step two, the ALJ determined that Plaintiff suffered from the severe impairment of osteoarthritis of the bilateral knees. Tr. 21.

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a Listing. Tr. 22.

The ALJ then determined Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff retained the ability to perform light work except that:

> [Plaintiff is limited to] lifting or carrying up to 10 pounds frequently and 20 pounds occasionally; standing/walking or sitting with normal breaks for a total of six hours in an eight hour workday; pushing and pulling motions with upper and lower extremities within the weight restrictions given; postural activities occasionally, including climbing of ramps and stairs, crouching, kneeling and crawling; occasionally climb ladders, ropes or scaffolds; and frequently balance and stoop.

Tr. 22.

At step four, the ALJ found that Plaintiff was unable to perform any of his past relevant work. At step five, the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy, including assembler, storage facility rental clerk, or parking lot attendant. Tr. 26-27. The ALJ therefore concluded that Plaintiff was not disabled. *Id.*

## DISCUSSION

In this appeal, Plaintiff argues that the ALJ erred by improperly rejecting his subjective symptom testimony, causing further error in the RFC formulation and, ultimately, the non-disability determination. To determine whether a claimant's testimony about subjective pain or symptoms is persuasive, an ALJ must perform two stages of analysis. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); 20 C.F.R. § 416.929. First, the claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090; 1102 (9th Cir. 2014);

PAGE 4 – OPINION AND ORDER

*Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Second, absent affirmative evidence that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discounting the claimant's testimony regarding the severity of the symptoms. *Trevizo*, 871 F.3d at 678; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). The Ninth Circuit demands more than a summary of the medical evidence and generic, high-level reasons why a claimant's allegations conflict with that evidence. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The Ninth Circuit "requires the ALJ to specifically identify the testimony [from a claimant] she or he finds not to be credible and . . . explain what evidence undermines that testimony." *Id.*; *Brown-Hunter*, 806 F.3d at 494.

Clear and convincing reasons for rejecting a claimant's testimony "include conflicting medical evidence, effective medical treatment, medical noncompliance, inconsistencies in the claimant's testimony or between her testimony and her conduct, daily activities inconsistent with the alleged symptoms, and testimony from physicians and third parties about the nature, severity and effect of the symptoms" about which the claimant complains. *Bowers v. Astrue*, No. 11-cv-583-SI, 2012 WL 2401642, at *9 (D. Or. June 25, 2012) (citing *Tommasetti*, 533 F.3d at 1040); *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2013).

At the administrative hearing, Plaintiff testified that he stopped working because of bilateral knee pain, which causes an inability to stand or walk for more than five to ten minutes at a time before needing to sit and elevate his knees for thirty to sixty minutes. Tr. 46-47. Because of his reduced ability to stand, walk, and sit, he alleged that he is restricted in daily activities and is not able to exercise. Tr. 48. He stated that his wife helps him complete tasks such as laundry,

PAGE 5 – OPINION AND ORDER

shopping, cooking, and cleaning; and that because Plaintiff lives in a small space, these tasks routinely take roughly ten minutes. Tr. 45.

The ALJ found Plaintiff's testimony regarding his disabling symptoms and limitations unpersuasive primarily because it was contradicted by the medical evidence of record. An ALJ may reject a claimant's statements that "do not comport with objective evidence in [his] medical record." *Bray v. Comm'r*, 554 F.3d 1219, 1227 (9th Cir. 2009). Further, while an ALJ may not solely rely on objective medical evidence to reject a claimant's testimony, objective medical evidence is an important factor to consider when evaluating a claimant's subjective symptom reports. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). Here, while Plaintiff alleged that he was unable to work due to knee pain, Plaintiff's physical examinations frequently showed that he retained full strength in both knees. Tr. 24–25, 853, 858–59. When Plaintiff went to the emergency room with complaints of left knee pain in July 2018, for example, he exhibited good range of motion, mild tenderness to palpitation, trace effusion, normal coordination, and good sensation. Tr. 24, 788–89.

In August 2018, Plaintiff had no swelling and normal neurological findings. Tr. 24, 740–41. In April 2019, he had full strength on both sides and normal gait but had moderate effusion of the left knee. Tr. 25, 843–44. In July 2019, Plaintiff again exhibited full strength, with moderate effusion on his left side but only minimal tenderness and slightly limited range of motion on both sides. Tr. 25, 853. In December 2019, Plaintiff presented with full strength and intact sensation, with slight effusion on the left and trace effusion on the right. Tr. 25, 858–59.

The ALJ considered this evidence and reasonably concluded that Plaintiff's allegations, such as being able to walk only five to ten minutes, did not align with the largely normal or

moderate objective findings.[2] *Bray*, 554 F.3d at 1227. While nonconformity with objective evidence is not, on its own, a sufficient reason to reject a claimant's testimony, this evidence supports the ALJ's finding that Plaintiff's testimony was unpersuasive.

Plaintiff argues that the ALJ's reliance on medical evidence in discounting his testimony was error, citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015) for the proposition that an evaluation of subjective allegations is insufficient if the ALJ "simply recit[es] the medical evidence in support of his or her residual functional capacity determination." *Id.* at 489; ECF 18 at *2. Here, however, the ALJ did not simply recite the medical evidence to support her RFC formulation, but rather considered how the evidence both contradicted and failed to support Plaintiff's allegations of disabling knee pain. Tr. 22, 24-25.

The ALJ next noted that Plaintiff's conditions improved with treatment. A claimant's course of treatment is relevant evidence for the ALJ to consider. 20 C.F.R. §§ 404.1529(c)(3)(iv)–(v), 416.929(c)(3)(iv)–(v). Here, treatment records showed that Plaintiff's knee pain was alleviated in 2018 by medication and knee braces, without the use of custom fitted braces, physical therapy, or injections for pain relief. Tr. 24, 740, 765. 859-60 (treatment note stating that Plaintiff was satisfied with his symptoms after using medication and knee braces). By April 2019, Plaintiff had engaged in physical therapy for his knee pain and reported improvement. Tr. 24, 765. In July 2019, Plaintiff received an injection for knee pain and reported that it gave him relief. Tr. 25, 852. Plaintiff also reported that his new braces were "awesome" and that he used them all the time, although he still had difficulty sitting, standing, and walking for prolonged periods. Tr. 25, 852. In December 2019, Plaintiff reported further improvement with the use of braces and medication. Tr.

---

[2] Only two doctors assessed Plaintiff's limitations during the relevant period, and both physicians opined that Plaintiff could work at the level set forth in the ALJ's decision. Tr. 22, 61–62, 71–72, 87–89, 100–02.

PAGE 7 – OPINION AND ORDER

25, 858. Because Plaintiff's conditions appeared to improve with treatment, it was reasonable for the ALJ to infer that Plaintiff's symptom improvement contradicted his allegations to the contrary. 20 C.F.R. §§ 404.1529(c)(3)(iv)–(v), 416.929(c)(3)(iv)–(v).

The ALJ also noted the ALJ also noted that Plaintiff made inconsistent statements regarding his conditions. Tr. 24–25. In assessing a claimant's subjective complaints, an ALJ may consider "inconsistencies in the evidence." 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). Specifically, the ALJ may properly consider inconsistent statements by a claimant in evaluating the claimant's testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Here, in contrast to Plaintiff's allegation that he could walk for only 5 to 10 minutes before needing to sit and elevate his legs for 30 to 60 minutes, Plaintiff told his doctor in December 2019 that he was "satisfied with his symptoms with use of braces and [medication]." Tr. 47, 860. It was reasonable for the ALJ to conclude that this statement suggests that Plaintiff did not experience the disabling pain and extreme limitation on walking alleged in his testimony at the administrative hearing. Tr. 46–47. The medical records cited by the ALJ in making this finding are dated December 2019, and therefore constitute the most recent medical evidence in the record. The ALJ properly found that Plaintiff's satisfaction with his symptoms was inconsistent with his hearing testimony. *Tonapetyan*, 242 F.3d at 1148.

Regarding Plaintiff's improvement with treatment and inconsistent statements, Plaintiff argues that the ALJ "never actually advised she relied on these factual determinations to dismiss [Plaintiff's] testimony." (ECF 18, at *2-3.) The Court rejects this argument. The ALJ's discussion of Plaintiff's inconsistent statements was clearly made within her evaluation of Plaintiff's testimony and reasonably linked to Plaintiff's allegedly disabling knee pain. Further, adjudicators can consider factors without expressly discussing them. See *Molina*, 674 F.3d at 1114 (citing

agency ruling recognizing "a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision"); *Lockwood v. Comm'r*, 616 F.3d 1068, 1073 (9th Cir. 2010). In sum, the ALJ reasonably found Plaintiff's testimony regarding his impairment and limitations was not persuasive, and that finding was supported by substantial evidence.

## CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

DATED this 26th day of October 2022.

                                             s/ Mustafa T. Kasubhai
                                             MUSTAFA T. KASUBHAI (He / Him)
                                             United States Magistrate Judge